Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
Visit us online:
www.wvsos.com



USPS CERTIFIED MAIL™

9214 8901 1251 3410 0000 5508 98

MECHEL BLUESTONE INC.
Roman Semenov
100 CRANBERRY CREEK DR
BECKLEY, WV 25801-4136

Control Number: 51215
Defendant: MECHEL BLUESTONE INC.
100 CRANBERRY CREEK DR
BECKLEY, WV 25801-4136 US

Agent: Roman Semenov
County: Wyoming
Civil Action: 15-C-23
Certified Number: 92148901125134100000550898
Service Date: 2/11/2015

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office.**

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

## IN THE CIRCUIT COURT OF WYOMING COUNTY, WEST VIRGINIA

MICHAEL RAY, individually and
on behalf of all others similarly situated,

    Plaintiffs,

        v.                        CIVIL ACTION NO. 15-C-23

MECHEL BLUESTONE, INC.,

    Defendant.

SERVE:

Mechel Bluestone, Inc.,
100 Cranberry Creek Drive
Beckley, WV 25801



### SUMMONS

To: The Above-Named Defendant:

### IN THE NAME OF THE STATE OF WEST VIRGINIA,

    You are hereby summoned and required to serve upon **Samuel B. Petsonk/ Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

    You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                                              _David Stover_
                                                            Clerk of Court

Date: 2-4-15

IN THE CIRCUIT COURT OF WYOMING COUNTY, WEST VIRGINIA

MICHAEL RAY, individually and on behalf )
of all others similarly situated, )
)
Plaintiff, )
)
v. ) Civil Action No. 15-C-23
)
MECHEL BLUESTONE, INC., )
)
Defendant. )
)
)

## COMPLAINT

This action arises out of a violation of the Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. Section 2101 et seq. Defendant, Mechel Bluestone, Inc., d/b/a Double Bonus Coal Company, failed to provide the sixty-days notice required under the WARN Act to employees of its Double Bonus Mine No. 65, prior to closing the plant and laying off the employees.

Plaintiff brings this action on his own behalf and on behalf of those employees of Defendant who are similarly situated, for statutory damages, costs, fees, and expenses, pursuant to the WARN Act.

### Parties

1. Plaintiff, Michael Ray ("Ray"), is a former full-time employee of Mechel Bluestone, Inc. Ray worked for Mechel Bluestone at the Double Bonus Mine No. 65 in Wyoming County, West Virginia for more than nine years prior to his termination. Ray resides in Spanishburg, Mercer County, West Virginia.

2. Mechel Bluestone, Inc., (hereinafter "Bluestone") is a Delaware corporation, with its mailing address and principal place of business at 100 Cranberry Creek Drive, Beckley, Raleigh County, West Virginia.

1

## Facts

3. Prior to December 19, 2013, Bluestone employed more than 100 employees, including Plaintiff, excluding part-time employees.

4. (a) Prior to December 19, 2013, Bluestone controlled and operated several mining facilities in and around Wyoming and McDowell Counties, West Virginia.

(b) One of these mining facilities was named or designated as the Double Bonus Mine No. 65.

(c) At all times relevant to this action, the Double Bonus Mine No. 65 was under Bluestone's *de jure* and *de facto* ownership and control as an employer and as a mine operator.

5. The Double Bonus Mine No. 65, located in Wyoming County, West Virginia, was a "single site of employment," either on its own or in conjunction with Bluestone's nearby related facilities, for purposes of the WARN Act.

6. Plaintiff was employed at Bluestone's Double Bonus Mine No. 65 prior to his layoff in 2013.

7. On or about the third week of October 2012, mine manager Don McCoy verbally communicated to the miners at Double Bonus Mine. No. 65 that they were being laid off for an indefinite period of time.

8. Effective no later than the 30-day period ending on or about November 15, 2012, approximately 90 full-time employees, including Plaintiff, were laid off at the Double Bonus Mine No. 65.

9. Neither the Plaintiff, nor a representative of his collective bargaining unit of the United Mine Workers of America, received written notice that the employees would be laid off prior to the occurrence of their layoffs in 2012.

2

10. On or about November 25, 2013, mine superintendent David Bishop verbally communicated to the miners at Double Bonus Mine No. 65 that they were being laid off for an indefinite period of time.

11. Effective no later than the 30-day period ending on or about December 19, 2013, approximately 50-60 full-time employees, including Plaintiff, were laid off at the Double Bonus Mine No. 65.

12. Neither the Plaintiff, nor a representative of his collective bargaining unit of the United Mine Workers of America, received written notice that the employees would be laid off prior to the occurrence of their layoffs in 2013.

13. Full-time laid-off employees were not all provided with the holiday pay due to them during Thanksgiving in November 2013.

14. Medical insurance coverage was terminated 30 days following December 19, 2013, for certain laid-off employees at the Double Bonus Mine No. 65.

15. Dental insurance was terminated for all laid-off employees, effective December 31, 2013.

### Violations of the WARN Act

16. Plaintiff repeats and re-alleges paragraphs 1 through 15 as though fully set forth herein.

17. Bluestone is an employer as defined by 29 U.S.C. § 2101(a)(1), for purposes of the WARN Act, because Bluestone is a business enterprise that either employed one hundred (100) employees, excluding part-time employees, or employed one hundred or more employees who in the aggregate worked at least 4,000 hours per week (exclusive of hours of overtime).

18. The Plaintiff is an affected employee as defined by 29 U.S.C. § 2101(a)(5), for

purposes of the WARN Act, because he is an employee who reasonably expected to experience an employment loss, and who did in fact experience an employment loss, as a consequence of a plant closing or mass layoff ordered by Bluestone.

19. As an employer under the WARN Act, Bluestone had an obligation pursuant to 29 U.S.C. § 2102 to provide written notice to its affected employees or to a representative of its affected employees at the Double Mine No. 65, for a period of at least sixty (60) days prior to the planned plant closing or mass layoff.

20. Plaintiff and Bluestone's other aggrieved and affected employees at its West Virginia facilities experienced an employment loss because they were separated from work, without cause, for a period exceeding 6 months, as a result of the 2013 idling of operations, which constituted a plant closing at the Double Bonus Mine No. 65.

21. Alternatively, Plaintiff and Bluestone's other aggrieved and affected employees at its West Virginia facilities experienced an employment loss as a result of the 2013 mass layoff, in which they were laid off for a period exceeding 6 months.

22. Bluestone failed to provide a written notice to Plaintiff, or his union representative, or to Bluestone's other affected employees at its West Virginia facilities prior to closing the plant or carrying out a mass layoff.

23. As a result of the plant closing or mass layoff, fifty to sixty of Bluestone's employees, excluding part-time employees, and including Plaintiff, who compromised more than thirty-three percent (33%) of the employees at the Double Bonus location, experienced an involuntary, continuous, and ongoing employment loss for a period well in excess of six (6) months, which continues to cause them substantial economic and other harm.

## Class Allegations

24. Plaintiff repeats and re-alleges paragraphs 1 through 23 as though fully set forth herein.

25. Pursuant to Rule 23(a)-(b), Plaintiff brings this class action on behalf of the other similarly situated employees (hereinafter "Class Members") who were laid off, as set forth above, in Wyoming County, West Virginia.

26. The Class Members are so numerous that joinder of all Class Members is impracticable because it is estimated that Bluestone laid off 50-60 of its employees in violation of the WARN Act.

27. There are questions of law or fact common to the Class Members that predominate over any questions affecting only individual Class Members. The principal question in this case is whether Bluestone's failure to provide notice constituted a violation of the WARN Act.

28. The claims and defenses of the Plaintiff are typical of the claims or defenses of the Class Members as a whole because the Class Members are similarly affected by Bluestone's wrongful conduct in violation of the WARN Act.

29. The Plaintiff will fairly and adequately protect the interest of the Class Members because Plaintiff has demonstrated his commitment to this claim by researching his rights and seeking counsel, and because Plaintiff is represented by counsel who are competent and experienced.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because (a) joinder of all Class Members is impracticable, (b) the Class Members are likely unemployed and not in a position to retain counsel, and (c) each individual Class Member has suffered damages that are merely modest. Therefore, there will be no difficulty in the management of this class action and concentration of the claims in this forum will promote

judicial economy.

## Damages and Relief Requested

31. Pursuant to Rule 23(a), (b), & (c), and 29 U.S.C. § 2104(a)(5), and other applicable law, Plaintiff requests that the Court certify that Plaintiff and all other similarly-situated workers from Bluestone's plant closing or mass layoff, as set forth above, constitute a single class.

32. Plaintiff requests that the Court designate him as a class representative as permitted by 29 U.S.C. § 2104(a)(5).

33. Plaintiff requests that the Court appoint the undersigned attorneys as class counsel.

34. As a result of Bluestone's WARN Act violations, Plaintiff requests that the Court order Bluestone to pay Plaintiff and all other Class Members, up to the maximum amount of statutory damages, including interest, to the extent permitted in 29 U.S.C. Sections 2104(a)(1) & (2).

35. Plaintiff requests that the Court order Bluestone to pay Plaintiff's reasonable attorneys' fees, litigation expenses, and other costs that Plaintiff incurs in pursuing this action as authorized by 29 U.S.C. § 2104(a)(6).

36. Plaintiff requests that the Court grant him and all other Class Members any such other relief as it may deem just and proper, together with interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**

Plaintiff,
**Michael Ray,**
By counsel:

*/s/ Samuel B. Petsonk*

Samuel B. Petsonk (WVSB # 12418)
Bren J. Pomponio (WVSB # 7774)
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, West Virginia 25301
(304) 344-3144
Fax: (304) 344-3145

6

Email: sam@msjlaw.org
bren@msjlaw.org

7

Organization MECHEL BLUESTONE INC.

Control #: 99ETB

| OrgType | Domestic/Foreign | Profit/NonPr | State/Prov | Total Cap.Stock | ParVal | Effective Date | Term. Date | Term. Reason |
|---|---|---|---|---|---|---|---|---|
| C | F | P | DE | | | 05/22/2009 | | |

**Principal Office Address**

1209 ORANGE STREET
WILMINGTON
DE   19801   USA

**Agent of Process**

ROMAN SEMENOV
100 CRANBERRY CREEK DRIVE
BECKLEY
WV   25801

**DBA**

| Name | Type | Effective Date | Termination Date |
|---|---|---|---|
| MECHEL NORTH AMERICA | TN | 04/05/2013 | |

MICHAEL RAY ETC              VS. MECHEL BLUESTONE, INC


LINE   DATE     ACTION

  1  02/04/15   CASE FILED;SUMMONS ISSUED AND RETURNED TO ATTY FOR SERVICE THRU
  2             SS.
  3  03/03/15   RETURN OF SVC OF SUMMONS/COMPLAINT ON MECHEL BY SOS ON 2/11/15.


STATE OF WEST VIRGINIA
COUNTY OF WYOMING, SS:

I, *illegible*, CLERK OF THE CIRCUIT COURT OF
*illegible*

10th March 15
David Stover/am