IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

MICHAEL RAY, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.                                      Civil Action No. 5:15-cv-03014

MECHEL BLUESTONE, INC.
DOUBLE-BONUS COAL COMPANY,
and DYNAMIC ENERGY, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel (Document No. 22), filed on December 4, 2015. In Plaintiff's motion, Plaintiff asserted as follows:

> 10. As of November 8, 2015, the Defendants had not produced responses to Plaintiffs' Interrogatories and Requests for Production. As of the present time, Defendants still have not produced those responses.

(Id. at ¶ 10.)[1] Subsequently, Defendants, collectively, filed answers to the discovery responses on December 18, 2015 as evidenced by the Defendants' Certificate of Service. (Document No. 27-2.) Furthermore, Defendants filed a response to the Motion to Compel on December 21, 2015. (Document No. 27.) In their response, the Defendants assert that:

> 4. As set forth in Plaintiff's Motion to Compel, the parties engaged in good faith discussions about the discovery dispute, and the Defendants provided the Plaintiff with some information. The Defendants heard nothing further from Plaintiff's after they provided the information. The Defendants thought the discovery dispute was ended, pending the Court's ruling on Plaintiff's Motion for Class Certification.

---

[1] The Court notes that the Motion to Compel was filed on December 4, 2015 and as of that date the discovery responses had not been filed by the Defendants.

1

> 5. The Defendants have, since the filing of Plaintiff's Motion to Compel, filed responses to Plaintiff's Discovery requests. Defendant's Answers to Plaintiff's Interrogatories and Requests for Production of Documents are attached as [(Document No. 27-2)].

(Document No. 27 at ¶¶ 4-5.)

Plaintiff submitted his reply to the Defendants response and stated as follows:

> 2. On December 22, 2015, Plaintiff received Defendants' Answers to Plaintiffs' Interrogatories and Requests for Production, which did not include relevant payroll records from outlying years or from Plaintiff's peer workers, and did not include a list of documents being withheld for reasons other than privilege, among other relevant items that were requested but omitted.
> 3. In Defendants' Response to Plaintiffs' Motion to Compel Defendants to Respond to Discovery Requests, Defendants asserted that the production of payroll records was premature due to the pending Motion for Class Certification.
> 4. Plaintiff agrees to hold in abeyance his demand for complete responses to his discovery requests until the Court has ruled on the Motion for Class Certification.
> 5. However, Plaintiff continues to assert his right to responses to the interrogatories and requests for documents set forth in the initial discovery requests.
> 6. Accordingly, should the Court grant the Motion for Class Certification, Plaintiff would seek additional opportunity to conduct class-related discovery as requested in the Motion for Class Certification.

(Document No. 28 at ¶¶ 2-6.)

## **ANALYSIS**

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an interrogatory or produce a document, the discovering party may move for an Order compelling the answer. See Fed. R. Civ. P. 37(a)(3)(B) Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a) (1) Rule

2

37 also provides that when a Motion to Compel is granted, the court "*must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the nondisclosure was substantially justified or an award of expenses would be unjust. Fed. R. Civ. P. 37(a) (5) (A) (Emphasis added)

Rule 26(b) (1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The scope of discovery therefore, is limited to nonprivileged information that is relevant to any party's claim or defense. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S.Ct. 2380, 2390, (1978) Although evidence need not be admissible at trial, "[d]iscovery of matter 'not reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." Id.

Rule 26(b)(5) states:

> "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Rule 33(b) of the Federal Rules of Civil Procedure provides that answers and objections to Interrogatories shall be made as follows:

> (b) **Answers and Objections**.

3

> (3) *Answering Each Interrogatory*: Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
> (4) *Objections*. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.
> (5) *Signature*. The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Similarly, respecting Requests for Production of Documents, Rule 34(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Procedure**.
> (2) *Responses and Objections*.
>
>> (B) *Responding to Each Item*. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
>>
>> (C) *Objections*. An objection to part of a request must specify the part and permit inspection of the rest.
>>
>> (D) *Responding to a Request for Production of Electronically Stored Information*. The response may state an objection to a requested form for producing electronically stored information. If the responding party objections to a requested form – or if no form was specified in the request – the party must state the form or forms it intends to use.
>>
>> (E) *Producing the Documents or Electronically Stored Information*. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>>
>>> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>>>
>>> (ii) If a request does not specify a form for producing

4

> electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

"Generic, non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." VICA Coal Co., Inc. v. Crosby, 212 F.R.D. 498, 503 (S.D. W.Va. 2003)

### Analysis of the Parties Discovery Disputes

The Court finds that the Motion to Compel has been **MOOTED** in light of the Defendants having filed their discovery answers or responses subsequent to the filing of the Plaintiff's filing of the Motion to Compel. Defendants claim that they believed the discovery dispute ended after the parties met and conferred and the Defendants provided the Plaintiff with some information. (Document No. 27 at ¶ 4.) The Plaintiff however believes that he is entitled to additional information. However, the parties do not appear to have further conferred with one another after the Defendants filed their discovery responses. The Court **FINDS** that the Rules contemplate that the parties would confer after the filing of discovery answers to attempt to resolve any dispute "without court action." See Fed. R. Civ. P. 37(a) (1).

The Court is unaware of precisely what the deficiencies are, if any, in the Defendants' responses to the Plaintiff's discovery. Plaintiff asserts in his reply that:

> "Plaintiff continues to assert his right to responses to the interrogatories and requests for documents set forth in the initial discovery requests"

(Document No. 28 at ¶ 5.) However, the Defendants have responded as indicated by Document No. 27-2. Plaintiff has failed to detail specifically how the responses are deficient, if at all, as

5

contemplated by the Fed. R. Civ. P. 37(a) (3).

Therefore, the Court **FINDS** that the Motion to Compel has been **MOOTED** by the Defendants having filed their responses which is what the Plaintiff's Motion to Compel originally sought. To the extent that the Plaintiff alleges that the Defendants' discovery responses are deficient, the parties should meet and confer as contemplated by Fed. R. Civ. P. 37(a) (1). If the parties are unable to agree to resolve the dispute without court action, the Plaintiff may file a subsequent motion to compel stating with specificity the exact nature of the Defendants' alleged failings.

Based upon the Court's rulings herein, the Court **FINDS** that an award of expenses in this matter would be unjust. See Fed. R. Civ. P. 37(a) (5) (A) (iii). While the Plaintiff had grounds to file the Motion to Compel because of not having received formal answers to the discovery requests, the Defendants were under the belief that, by the disclosure of documents to the Plaintiff, after the parties conferred, the Plaintiff's discovery issues had been resolved. Therefore, the Court declines to order an award of expenses.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 10 days, objections to this Order with District Judge Irene Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is directed to send a copy of this Order to counsel of record.

ENTER: January 26, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge