UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

MICHAEL RAY, INDIVIDUALLY AND )
ON BEHALF OF ALL OTHERS )
SIMILARLY SITUATED; ) 5:15-CV-03014
)
)
      Plaintiff, )
)
vs. )
)
MECHEL BLUESTONE, INC., )
DOUBLE-BONUS COAL COMPANY, )
AND; AND DYNAMIC ENERGY, INC., )
)
)
      Defendants, )
)

## MEDIATION AGREEMENT

The parties have agreed to settle this matter pursuant to the following agreed upon terms:

1. Defendants agree to pay to Plaintiffs the sum of $300,000 inclusive of attorney fees, costs, class administration fee, and class representative fee. The foregoing amount and the recall rights set forth below are being provided in complete satisfaction of any and all WARN Act claims arising from the layoffs or terminations by the Double-Bonus Coal Company from November 1, 2013, to December 31, 2013 which could be asserted against Double-Bonus Coal Company, Mechel Bluestone, Inc., Bluestone Resources, Inc., Bluestone Industries, Inc., Dynamic Energy, Inc., Gilbert Mine, Inc., and JCJ Coal Group, LLC by all persons who were terminated from full-time employment at the Double-Bonus Mine No. 65 from November 1, 2013, to December 31, 2013. Complete compliance with the terms of this Mediation Agreement shall result in a full and complete release of all WARN Act claims which could have been asserted on behalf of the certified class in the above-styled civil action. The settlement sum will be divided as set forth below.

2. **Call-Back List.** Within **60 days** after receiving notice of this settlement agreement, class members may notify the class counsel whether they wish to be placed on a Call-Back List from which they shall be returned to employment on the basis of their seniority at the Double Bonus Mine, as outlined in this Agreement. Those class members who wish to be placed on a Call-Back List shall be referred to hereinafter as "List Members".
    a. Seniority. The List Members shall be ranked in accordance with the seniority that they had earned at the Double Bonus Mine prior to their final layoff at that mine.

b. <u>Covered Mines</u>. List Members shall be considered for every full-time job at the next three underground coal mines, inclusive of preparation and refuse facilities serving those mines, at which no collective bargaining agreement is in place at the time of hiring List Members, that the Bluestone Entities control or operate, in McDowell, Wyoming, Mercer, or Raleigh Counties, W.Va. (the "Covered Mines").
   i. The hourly wage rate of such jobs must be equal to or greater than the prevailing average hourly rate that other workers with similar experience at the Covered Mine are working under at the time of such hiring of a List Member, provided that the hourly wage rate is at least Twenty-Eight Dollars ($28.00) per hour for the first year of a List Member's employment there;
   ii. If a Covered Mine ceases operation within a year of hiring a List Member, such mine ceases to be a Covered Mine and the Defendants must honor the call-back obligations under this Agreement at one additional Covered Mine that is next opened by the Bluestone Entities.
   iii. Mechel Bluestone, Inc., Bluestone Resources, Inc., Bluestone Industries, Inc., Dynamic Energy, Inc., Gilbert Mine, Inc., JCJ Coal Group, LLC, and coal-producing divisions thereof, and wholly owned and controlled coal producing subsidiaries and wholly owned and controlled coal producing affiliates, or other subsidiaries and affiliates wholly owned and controlled by principals of Defendants, shall be treated as one and the same Bluestone Entities for purposes of the Covered Mines and this Agreement. In order to avoid any doubt, it is expressly agreed by the Parties that all entities identified herein are being referred to and considered collectively for the sole and limited purpose of the Call Back provisions of this Mediation Agreement only, it being the contention of the Defendants, and not the Plaintiff or class counsel, that all such entities are separate and distinct for all other purposes.
   iv. If a training opportunity is available at a Covered Mine, the Defendants must inform eligible List Members of such opportunity in sufficient time for such List Members to participate in the training.
   v. It is expressly agreed that no surface mines or any other facilities of the Bluestone Entities other than the underground mines and related preparation plants and refuse facilities serving those mines are Covered Mines under this Mediation Agreement.

c. <u>Recall Rights</u>. When a job opportunity exists at the Covered Mines, the Defendants will review the List and shall recall to employment, in the order of their seniority, List Members with the ability to perform the work of such job, unless just cause exists for their exclusion from the List or from hiring.
   i. Defendants shall inform List Members of call-back opportunities by means of both certified mail and telephone message delivered to the addresses and numbers provided by class counsel or the class members

themselves. List Members shall have five (5) days from the date of receipt of certified mail to respond to such inquiry or they shall be deemed to forfeit their position as a List Member for such mine as to which they received the certified mail and failed to respond.
  ii. A List Member who does not return to work after receiving offers at each of the Covered Mines shall sacrifice his seniority on the list and shall have his name removed from the list.
  iii. Any person on the list who secures other employment during the period when no work is available for him at the Covered Mines shall in no way jeopardize his seniority while engaged in such other employment. Upon receipt of notice of a call-back opportunity, List Members will have five business days to accept or reject each such opportunity.

d. <u>Settlement of Disputes Regarding Recall Rights</u>.
  i. Disputes arising regarding a List Member's recall rights, including whether or not a class member may be excluded from the Call-Back List for just cause, shall be resolved as follows.
  ii. An earnest effort shall be made to settle differences at the earliest practicable time.
  iii. At all steps of the dispute process, the party initiating the dispute (the Disputing Party, i.e. the party seeking to exclude an individual from the List or from a job opportunity) shall disclose to the List Member and to Class Counsel a full statement of the facts relied upon by them.
  iv. If no settlement is reached within 7 days of the non-disputing party receiving notice of the dispute, the parties shall reach mutual agreement on an arbitrator within the following 7 days. At the earliest possible time, but no later than 15 after referral to him, the arbitrator shall conduct a hearing in order to hear testimony, receive evidence and consider arguments.
  v. The costs of arbitration shall be borne by the disputing party.
  vi. No Class Member may be excluded from the List or not hired except for just cause.
  vii. No List Member may be denied the opportunity to be considered for a job if they are able to perform the work of such job.
  viii. List Members shall be entitled to be present at any conference, meeting, or hearing regarding a dispute as to their recall rights.

3. **Payment to Class Members**. Class Members who are not List Members, and List Members who are not hired by the Bluestone Entities within one year following entry of this Agreement, shall each receive from Defendants a sum of Three Thousand and Forty-Six Dollars and Eighty-Seven Cents (**$3,046.87**) plus an additional amount of Excess Funds as specified below. List Members may opt to forego payment of this sum, and instead may remain on the List after the expiration of said year.

4. **Attorney Fee**. Class counsel will receive an attorney fee of Seventy Thousand Dollars ($70,000.00).

5. **Class Administration**. Class counsel will receive an administrative fee of Twenty-Five Thousand Dollars ($25,000.00) to administer the settlement.

6. **Class Representative**. Michael Ray, the class representative, shall receive a fee of Ten Thousand Dollars ($10,000.00). This amount shall be in addition to his right to claim an individual member settlement under Paragraph 3, and Excess Funds.

7. **Excess Funds**. Any excess funds that remain from the settlement amount of $300,000, less payments to class members in Paragraph 3, less Attorney's Fee in Paragraph 4, less Class Administration in Paragraph 5, and less Class Representative Fee in Paragraph 6, shall be considered the "Excess Funds." Those Excess Funds shall be divided equally among all the Class Members who have not been hired after January 19, 2018, and who do not opt to remain on the List in lieu of receiving an individual member settlement. However, in no case may a distribution of Excess Funds, when added to a payment under Paragraph 3, cause any Class Member to receive more than $11,000.00 in a total gross individual settlement award.

8. **Periods for Performance**.

    a. <u>Six Months</u>. One Hundred and Fifty Thousand Dollars ($150,000.00) shall be paid to Class Counsel in a lump sum by the Defendants no later than six (6) months from January 19, 2017, i.e. July 19, 2017 provided, however, such installment shall be used exclusively for payments to class members in accordance with Paragraph 3, payment of the Class Representative Fee in accordance with Paragraph 6, and payments of an amount up to Twelve Thousand Five Hundred Dollars ($12,500.00) for reimbursement of actual expenses incurred for Class Administration in accordance with Paragraph 5. Class Counsel shall submit to Defendants certification and itemization of the disbursement of such funds within 30 days after such disbursement.

    b. <u>Twelve Months</u>. One Hundred and Fifty Thousand Dollars ($150,000.00) shall be paid to Class Counsel in a lump sum by the Defendants no later than twelve (12) months from January 19, 2017, i.e. January 19, 2018.

ENTER: January 20, 2017.

_____
Andrew Ellis, Esq.
John F. Hussell, IV, Esq.
John D. Wooton, Jr., Esq.
WOOTON, DAVIS, HUSSELL
    & ELLIS, PLLC
Counsel for Defendants

_____
Samuel Brown Petsonk, Esq.
Bren J. Pomponio, Esq.
MOUNTAIN STATE JUSTICE, INC.
Counsel for Plaintiff

4