**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**MICHAEL RAY, individually and on behalf**
**of all others similarly situated,**

|  |  |
|---|---|
| **Plaintiff,** | **Civil Action No. 5:15-cv-03014**<br>**Honorable Irene C. Berger** |

     **v.**

**MECHEL BLUESTONE, INC.**
**and**
**DOUBLE-BONUS COAL COMPANY,**

     **Defendant.**

**ORDER APPROVING SETTLEMENT, ATTORNEY FEES, AND**
**ADMINISTRATIVE TERMINATION**

Pending before this Court is Plaintiff's Motion to Approve Notice of Final Settlement, Approve Attorney Fees, and Enter Administrative Termination Order. For the reasons set forth herein, the Court APPROVES the final settlement, in accordance with the terms stated in this Order, and ORDERS that the attorney fees and costs are fair and reasonable and that the Plaintiff should be directed to issue notice to the class members of their rights under this Order.

**I.     PROCEDURAL BACKGROUND**

On May 3, 2016, this Court certified this matter as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3). The parties mediated the case twice with the assistance of the Honorable Omar Aboulhosn, achieving success when they entered a Mediation Agreement on January 20, 2017. (ECF 88). The Parties have agreed to final terms of a Settlement Agreement as follows:

The parties have agreed to settle this matter pursuant to the following agreed-upon terms:

1

1. Defendants agree to pay to Plaintiffs the sum of $300,000 inclusive of attorney fees, costs, class administration fee, and class representative fee. The settlement sum will be divided as set forth below.

2. **Call-Back List**. Within **60 days** after notice of this settlement agreement issues, class members may notify the class counsel whether they wish to be placed on a Call-Back List from which they shall be returned to employment on the basis of their seniority at the Double Bonus Mine, as outlined in this Agreement.
    a. Seniority. The List Members shall be ranked in accordance with the seniority that they had earned at the Double Bonus Mine prior to their final layoff at that mine.
    b. Covered Mines. List Members shall be considered for every full-time job at the next three underground coal mines, inclusive of preparation and refuse facilities serving those mines, at which no collective bargaining agreement is in place at the time of hiring List Members, that the Bluestone Entities control or operate, in McDowell, Wyoming, Mercer, or Raleigh Counties, W.Va. (the "Covered Mines").
        i. The hourly wage rate of such jobs must be equal to or greater than Twenty-Eight Dollars ($28.00) per hour for the first year of a List Member's employment there.
        ii. If a Covered Mine ceases operation within a year of hiring a List Member, such mine ceases to be a Covered Mine and the Defendants must honor the call-back obligations under this Agreement at one additional Covered Mine that is next opened by the Bluestone Entities.
        iii. Mechel Bluestone, Inc., Bluestone Resources, Inc., Bluestone Industries, Inc., Dynamic Energy, Inc., Gilbert Mine, Inc., JCI Coal Group, LLC, and coal-producing divisions thereof, and wholly owned and controlled coal producing subsidiaries and wholly owned and controlled coal producing affiliates, or other subsidiaries and affiliates wholly owned and controlled by principals of Defendants, shall be treated as one and the same Bluestone Entities for purposes of the Covered Mines and this Agreement.
        iv. If a training opportunity is available at a Covered Mine, the Defendants must inform eligible List Members of such opportunity in sufficient time for such List Members to participate in the training.

    c. Recall Rights. When a job opportunity exists at the Covered Mines, the Defendants will review the List and shall recall to employment, in the order of their seniority, List Members with the ability to perform the work of such job.
        i. Defendants shall inform List Members of call-back opportunities by means of both certified mail and telephone message delivered to the addresses and numbers provided by class counsel or the class members themselves.

    ii. A List Member who does not return to work after receiving offers at each of the Covered Mines shall sacrifice his seniority on the list and shall have his name removed from the list.

    iii. Any person on the list who secures other employment during the period when no work is available for him at the Covered Mines shall in no way jeopardize his seniority while engaged in such other employment. Upon receipt of notice of a call-back opportunity, List Members will have five business days to accept or reject each such opportunity.

  d. <u>Settlement of Disputes Regarding Recall Rights</u>.

    i. Disputes arising regarding a List Member's recall rights shall be resolved as follows.

    ii. An earnest effort shall be made to settle differences at the earliest practicable time.

    iii. At all steps of the dispute process, the party initiating the dispute shall disclose to the List Member and to Class Counsel a full statement of the facts relied upon by them.

    iv. If no settlement is reached within 7 days of the nondisputing party receiving notice of the dispute, the parties shall reach mutual agreement on an arbitrator within the following 7 days. At the earliest possible time, but no later than 15 after referral to him, the arbitrator shall conduct a hearing in order to hear testimony, receive evidence and consider arguments.

    v. The costs of arbitration shall be borne by the disputing party.

    vi. No Class Member may be excluded from the List except for just cause.

    vii. No List Member may be denied a recall opportunity for a job if they are able to perform the work of such job.

    viii. List Members shall be entitled to be present at any conference, meeting, or hearing regarding a dispute as to their recall rights.

3. **Payment to Class Members**. Class Members who are not List Members shall each receive from Defendants a sum of Three Thousand and Forty-Six Dollars and Eighty-Seven Cents (**$3,046.87**) plus an additional amount of Excess Funds as specified below.

4. **Attorney Fee**. Class counsel will receive an attorney fee of Seventy Thousand Dollars (**$70,000.00**).

5. **Class Administration**. Class counsel will receive an administrative fee of Twenty-Five Thousand Dollars (**$25,000.00**) to administer the settlement.

6. **Class Representative**. Defendants agree to pay to Michael Ray a class representative fee of Ten Thousand Dollars (**$10,000.00**). This amount shall be in addition to his right to claim an individual member settlement under Paragraph 3, and Excess Funds.

7. **Excess Funds**. Any excess funds that remain from the settlement amount of $300,000, less payments to class members in Paragraph 3, less Attorney's Fee in Paragraph 4, less Class Administration in Paragraph 5, and less Class Representative Fee in Paragraph 6, shall be considered the "Excess Funds." Those Excess Funds shall be divided equally among all the Class Members who do not opt to be List Members. However, in no case may a distribution of Excess Funds, when added to a payment under Paragraph 3, cause any Class Member to receive more than $11,000.00 in a total gross individual settlement award.

8. **Periods for Performance**.

   a. One Hundred and Fifty Thousand Dollars ($150,000.00) has been paid by the Defendants and held in trust by Class Counsel pending approval of this Order.
   b. One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest calculated daily and compounding annually at a rate agreed upon by the parties, running from January 19, 2018 until the time of payment, shall be paid to Class Counsel in a lump sum by the Defendants by no later than Monday, February 26, 2018, and held in trust by Class Counsel pending approval of this Order. Class Counsel will initiate notice of the final settlement within seven days of the approval of the Settlement and will allow for class members to retrieve payments as set forth in the Notice of Final Settlement.

The Agreement provides for payments of a minimum of $3,046.87 to each of sixty-four class members, and alternately provides those class members the option to be placed on a Call-Back List with recall rights at various mining operations, based on the miners' seniority status at the Double-Bonus Mine No. 65, in lieu of receiving payment. (*Id.*). If miners opt to participate in the settlement by being placed on the Call-Back List, they shall possess recall rights on that List, based on their Double-Bonus mine seniority. The Agreement also provides that the class representative would receive a fee of $10,000.00, the class would be administered by class counsel for a fee of $25,000.00, and the attorney fee for class counsel would be $70,000.00. (*Id.* at 4). Due to the passage of time since the initial Mediation Agreement, the parties have agreed that the 60 days for class members to opt for the Call-Back List shall run from the date that the Final Notice of Settlement is mailed by the Class Counsel and that all elections are final after those 60 days.

4

On March 22, 2017, this Court Ordered that Plaintiff's Motion for Preliminary Approval of Settlement be granted, that the Mediation Agreement be approved pending the final settlement hearing, and that Plaintiff's proposed plan for providing class notice of the Mediation Agreement be approved. (ECF 92). Plaintiff provided notice to the putative class members of the Fairness Hearing by U.S. Mail to each class member listed and agreed upon by the parties. (ECF 94-3 at 46) (Expense Entry No. 234006, noting sixty-four letters issuing court-approved notice).

On May 24, 2017 the Plaintiff appeared before the Court for the Fairness Hearing, and presented the Mediation Agreement reached by the parties in this matter. At the Fairness Hearing, the Court indicated its approval of the agreement subject to issuance of a final order making findings under Rule 23(e) and giving effect to that approval. (ECF 93) (District Judge Daybook Entry). Thereafter, the Plaintiff submitted documentation to support the parties' assessment of the reasonable attorney fees and costs, and filed therewith the pending Motion to Approve Notice of Final Settlement, Approve Attorney Fees, and Enter Administrative Termination Order. (ECF 94). The pending Motion, being unopposed, is ripe for review.

## II.     LEGAL STANDARD

Rule 23(e) governs the compromise and settlement of class action matters. When a proposed classwide settlement is reached, it must be submitted to the court for approval. In addition, class members must be notified of the proposed settlement, so that members have the opportunity to object to settlement in a scheduled hearing.

Rule 23(e) provides: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Fed. R. Civ. P. 23(e). This rule requires a court to independently and objectively analyze the evidence and circumstances before

it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished. *In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 31 Fed. R. Serv. 3d 845 (3d Cir. 1995); *Air Line Stewards and Stewardesses Ass'n, Local 550, TWU, AFL-CIO v. American Airlines, Inc.*, 763 F.2d 875 (7th Cir. 1985); *cf.* 2 Newberg & Conte on Class Actions § 11.41, at 11-88 to 11-89.

"Under Rule 23(e) the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members. [T]he court cannot accept a settlement that the proponents have not shown to be <u>fair, reasonable and adequate</u>." *Grunin v. International House of Pancakes*, 513 F.2d 114, 123 (8th Cir.) (emphasis added), cert. denied, 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975); *Malchman v. Davis*, 706 F.2d 426, 433 (2d Cir.1983); *Sala v. National RR Passenger Corp.*, 721 F.Supp. 80 (E.D.Pa.1989); *see also Piambino v. Bailey*, 610 F.2d 1306 (5th Cir.), cert. denied, 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980).

The U.S. Supreme Court has noted with reference to court approval of class action settlements:

> Courts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement. See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25, 88 S. Ct. 1157 [(1968)]. They do not decide the merits of the case or resolve unsettled legal questions.

*Carson v. American Brands, Inc.*, 450 U.S. 79, 88, n. 14, 101 S. Ct. 993 [(1981)].

**<u>Presumption of fairness.</u>** There is an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval. *See e.g. In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 31 Fed. R. Serv. 3d 845 (3d Cir. 1995). Approval of a proposed settlement is discretionary with the court. However, the court should not give rubber-stamp approval.

The initial presumption of fairness of a class settlement may be established by showing:

1. That the settlement has been arrived at by arm's-length bargaining;
2. That sufficient discovery has been taken or investigation completed to enable counsel and the court to act intelligently;
3. That the proponents of the settlement are counsel experienced in similar litigation; and
4. That the number of objectors or interests they represent is not large when compared to the class as a whole.

*See id.*

**Procedural aspects of Rule 23(e).** Procedurally, Rule 23(e) provides for the following:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

## III.    ANALYSIS

**Approval of the settlement.** The parties have tendered an agreement that provides flexibility to the class members to participate in the settlement by claiming a cash award that represents a substantial discount on the risk of going to trial. However, the value of the settlement to the class members is further enhanced through the alternate method by which class members may participate in the settlement agreement. That is, in lieu of accepting a cash

payment, each class member may opt to place his or her name on a Call-Back List and to

exercise recall rights at certain coal mining operations based on the seniority rank that the class

members held at the Double-Bonus Mine No. 65.  This Call-Back List and recall right represents

a process akin to a so-called "panel agreement," in the parlance of the trade union movement.

This Call-Back List allows miners to transfer to a new coal mine and continue earning wages and

benefits---a value that far exceeds the mere two months of wages that the miners are able to

recover via the WARN Act.  The value of regaining a job in the mining industry, and reclaiming

their ability to earn benefits during active employment and possibly retirement as well,

represents an additional source of value for the Class Members under this agreement that is

substantial.

As set forth herein, the Court finds that the settlement provides flexibility to the class

members, affords them a variety of means to access substantial value in exchange for the

compromise of their claims, and is consequently in the best interest of those whose claims will

be extinguished.  *In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability*

*Litigation*, 55 F.3d 768, 31 Fed. R. Serv. 3d 845 (3d Cir. 1995); *Air Line Stewards and*

*Stewardesses Ass'n, Local 550, TWU, AFL-CIO v. American Airlines, Inc.*, 763 F.2d 875 (7th

Cir. 1985); *cf*. 2 Newberg & Conte on Class Actions § 11.41, at 11-88 to 11-89.

At the Fairness Hearing, the Class Counsel tendered an unrefuted proffer that the settlement

was arrived at by arm's-length bargaining.  Upon reviewing the record, the Plaintiff's issuance of

two sets of interrogatories and requests for production, (ECF 14, 44), the Defendants'

productions of evidence in response thereto, and the substantial evidence that the Plaintiff

produced through investigation and filed in support of the Motion for Class Certification (ECF

18, Exhibits 1-15) (Exhibits to Plaintiff's Reply to Defendant's Opposition to the Motion for

Class Certification), the Court finds that sufficient discovery was taken or investigation completed to enable counsel and the court to act intelligently. The Court finds that the proponents of the settlement are adequately experienced in litigating and resolving WARN Act claims based on the four class actions under the WARN Act, and the two settlements negotiated in connection with those actions, that are pending the Southern District of West Virginia. The Court notes that the mining operations at issue in this case are of a relatively limited size and extent. (ECF 18-7) (Employment Records from U.S. Department of Labor indicate that Double-Bonus Mine No. 65 employed between 54 and 71 miners during the third and fourth quarters of 2013, which comprise the period within which the layoff of the 64 class members occurred). The Court further finds that, especially considering that there were no objectors at the Fairness Hearing, the number of objectors and the interests they represent is not large when compared to the relatively limited size and extent of the class as a whole.

**Notice of final settlement.** The Plaintiff has proposed to direct notice in a reasonable manner to all class members because Plaintiff proposes to provide direct written notice by U.S. mail to the known addresses of each class member. The Plaintiff also intends to provide notice of the final settlement to the union that represented the class members at the site where the layoff occurred and to the Beckley office of WORKFORCE West Virginia. Plaintiff and Defendants have ascertained by agreement a list of sixty-four class members covered by the settlement. (Exhibit A) (Class List). Class Counsel represents that they have made substantial efforts throughout the course of this litigation to maintain a current list of mailing addresses and telephone numbers of class members in order to ensure the efficacy of notice.

These methods of notice satisfy the "best notice practicable under the circumstances" and conform to the due process requirements for class members who are unknown or who do not

receive actual notice. *See In re Serzone Products Liability Litigation*, 231 F.R.D. 221 (S.D.W.Va. 2005); *see also Long v. Nationstar Mortgage, LLC*, 2016 WL 1229107 (S.D.W.Va. March 28, 2016). The Court therefore approves the revised Final Notice of Settlement that is attached to this Order, and approves its completion and issuance by the Class Counsel. (Ex. A).

**Attorneys fees and costs.** The detailed billing records set forth by the Class Counsel represent sufficient evidence of the reasonableness of the agreed-upon settlement allocating $70,000.00 to the Class Counsel as fees for their representation of the Class. The billed time in this case exceeds the amount allocated to the Class Counsel as fees. (ECF 94-3). As noted above, while the cash side of the settlement in this case represents a compromise on the full value of the claims, the non-cash Call-Back option under the settlement represents a value that is effectively much larger than the full cash value of the claims for those who seek re-employment in the coal mines. The hourly rates attested in the Class Counsel's fee affidavit are reasonable and commensurate with those charged in the local market for lawyers of comparable experience and expertise. (ECF 94-4). For those reasons, the Court finds that the fees are reasonable in the market and commensurate with the degree of success achieved by the Plaintiff on behalf of the Class.

IV.    **CONCLUSION**

Wherefore, after careful review and consideration, the Court finds that:

1) The settlement agreement is fair, reasonable and adequate to the Class Members pursuant to Rule 23(e), inclusive of the fees for the class representative and administrator;

2) The settlement agreement has been negotiated at arm's length between competent, able counsel, and no collusion existed in connection with the settlement agreement;

3)  The record is sufficiently developed and complete to have enabled Plaintiffs and

    Defendants to evaluate and consider their positions;

4)  The proposed method of notice to absent class members is calculated to provide the

    "best notice practicable under the circumstances" and thus satisfies the requirements

    of due process as to unknown class members who did not receive actual notice; and

5)  The attorney's fees and costs are found to be reasonable, adequately-documented by

    time records submitted on the record, and commensurate with the degree of success

    achieved by the class in this case.

ACCORDINGLY, IT IS HEREBY **ORDERED**:

1)  The class Settlement, as set forth in this Order, is hereby approved and shall be

    implemented in accordance with its terms;

2)  The plan set out for giving notice to the class is hereby approved;

3)  Attorney's fees and costs are found to be reasonable and are hereby approved;

4)  An Order of Termination shall be entered to allow for class administration.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to

any unrepresented party.

ENTER:  March 13, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

Prepared by:

/s/   SAMUEL B. PETSONK
Samuel B. Petsonk (WVSB # 12418)
Bren Pomponio (WVSB # 7774)
Mountain State Justice, Inc.
223 Prince Street
Beckley, WV 25801
(681) 207-7510
(681) 207-7513 (fax)
*Class Counsel*

Agreed to by:

/s/ JOHN HUSSELL
John Hussell (WVSB # 6610)
Andrew Ellis (WVSB # 10618)
John D. (Jody) Wooton, Jr. (WVSB # 10512)
WOOTON, DAVIS, HUSSELL & ELLIS, PLLC
105 Capitol Street, Suite 300
PO Box 3971
Charleston, WV 25339
(304) 345-9455
(304) 345-4607 (fax)
john.hussell@wwdhe.com
drew.ellis@wwdhe.com
jody.wooton@wwdhe.com
*Counsel for Defendants*